**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DUROSOLA CRUMP, | : | |
|    Petitioner, | : | |
| | : | |
|   v. | : | Case No. 3:23-cv-681 (MPS) |
| | : | |
| GUADARRAMA, | : | |
|    Respondent. | : | |

**MEMORANDUM OF DECISION**

Petitioner, Durosola Crump, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. The respondent has filed a motion to dismiss the petition on the ground that the petitioner has not exhausted his state court remedies on all grounds for relief. Although he was advised of his obligation to respond to the motion, ECF No. 14, the petitioner has neither filed a timely response nor sought additional time within which to do so. For the following reasons, the petition is dismissed without prejudice.

## I.     Procedural Background

In 2011, the petitioner was convicted, after a jury trial of sexual assault, attempt to commit sexual assault, and risk of injury to a child. *State v. Crump*, 145 Conn. App. 749, 750-51, 75 A.3d 758, 762 (2013).

On direct appeal, the petitioner challenged his conviction on two grounds: (1) prosecutorial improprieties during both the trial and summation deprived him of a fair trial and (2) his sentence was illegal. *Id.* at 751, 75 A.3d at 762. In connection with the first ground, the petitioner argued that the prosecutor (1) commented on his failure to testify at trial, (2) vouched

for the victim's credibility, (3) engaged in a course of action intended to elicit sympathy for the victim, and (4) commented on facts outside of the record. *Id.* at 753, 75 A.3d at 764. The Connecticut Appellate Court affirmed the conviction, and, on November 20, 2013, the Connecticut Supreme Court denied certification. *Id.* at 751, 75 A.3d at 762, *cert. denied*, 310 Conn, 947, 80 A.3d 906 (2013).

On December 27, 2013, the petitioner filed a petition for writ of habeas corpus in state court. In his fourth amended petition, the petitioner claimed that trial counsel was ineffective by failing to effectively cross-examine the victim, suppressing the petitioner's right to testify, and failing to preserve his right to sentence review. *Crump v. Warden*, No. CV14-4005916-S, 2022 WL 1019881, at *2 (Conn. Super. Ct. Feb. 10, 2022). The trial court denied relief on the first two claims and restored the petitioner's right to seek sentence review. *Id.* at *1.

The petitioner appealed the habeas court's decision only on the claim that trial counsel usurped his decision whether to testify. *See* Resp't Mem. App. G, ECF No.13-7; App. H, ECF No. 13-8; and App. I, ECF No. 13-9. The Connecticut Appellate Court denied the appeal without opinion, and, on April 11, 2023, the Connecticut Supreme Court denied certification. *Crump v. Commissioner of Corr.*, 218 Conn. App. 902, 290 A.3d 441, *cert. denied*, 346 Conn. 926, 295 A.3d 420 (2023).

The petitioner commenced this action by petition filed on May 23, 2023. He challenges his conviction on four grounds: (1) the prosecutor deprived him of a fair trial by improperly commenting on the petitioner's decision not to testify, vouching for the victim's credibility, appealing to the jurors' emotions, and alluding to facts outside the record; (2) trial counsel was ineffective by failing to present an adequate defense that would have allowed the jury to consider

a verdict other than guilty; (3) trial counsel failed to effectively cross-examine the victim by not

challenging inconsistencies in her statements; and (4) trial counsel suppressed his right to testify.

ECF No. 1 at 5-8.

## II.    Factual Background

The Connecticut Appellate Court determined the jury reasonably could have found the

following facts.

> In January, 2009, the victim was eleven years old and lived in Bridgeport with her
> mother, her older sister, and her twin brother.  The victim's grandmother resided
> in a different house in Bridgeport with her adult son, her live-in boyfriend, and
> two adopted children.  The [petitioner], an adult, is the victim's first cousin once
> removed and the nephew of the victim's grandmother.
>
> The incidents leading to the defendant's conviction occurred at the victim's
> grandmother's house on three separate occasions.  The first incident involved the
> [petitioner] fondling the victim's breasts when she was alone in the living room.
> The second incident involved the [petitioner] attempting to have sexual
> intercourse with the victim when she was alone in the garage.  The third incident
> involved the [petitioner] forcing the victim to perform oral sex on him when she
> was alone in the living room.
>
> The victim did not disclose any of the incidents involving the [petitioner] until
> February 2, 2009, when she told her twin brother, who subsequently told their
> mother.  Immediately thereafter, the victim's mother called the police and took
> the family to the house of the victim's grandmother, where officers from the
> Bridgeport Police Department then spoke with the victim in person.  On February
> 10, 2009, the victim was interviewed at the Center for Women and Families by a
> forensic interviewer.  Her recounting of the incidents during the interview differed
> from the testimony she gave subsequently at trial.  The next day, on February 11,
> 2009, the victim was examined by a pediatric nurse practitioner at the Child
> Sexual Abuse Evaluation Clinic at Yale-New Haven Hospital.  This examination
> neither confirmed nor refuted the victim's allegations.

*Crump*, 145 Conn. App. at 751-52, 75 A.3d at 762-63.

## III.    Standard of Review

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the

same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil

Procedure 12(b)(6).  *Spiegelmann v. Erfe*, No. 3:17-CV-2069(VLB), 2018 WL 1582549, at *1

(D. Conn. Mar. 29, 2018).  To survive dismissal, the petition must "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Before filing a petition for writ of habeas corpus in federal court, the petitioner must

properly exhaust his state court remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28

U.S.C. § 2254(b)(1); *see also Shinn v. Ramirez*, 562 U.S. 366, 371 (2022) ("A federal habeas

court generally may consider a state prisoner's federal claim only if he has first presented that

claim to the state court in accordance with state procedures.").  He must present the essential

factual and legal bases for his federal claims to each appropriate state court, including the highest

state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass

upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S.

364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  "The exhaustion

requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court

conviction without' first according the state courts an 'opportunity to ... correct a constitutional

violation.'"  *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509,

518 (1982)).

Failure to exhaust state remedies may be excused only if "there is no opportunity to

obtain redress in state court or if the corrective process is so clearly deficient to render futile any

effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. §

2254(b)(1)(B).  A petitioner may not, however, simply wait until appellate remedies are no

longer available and then argue that the claim is exhausted.  *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005).

To properly exhaust his claim, the petitioner must present the factual and legal bases of the claim to the state court.  *See Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted); *see also Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994) ("[T]o reach the merits of [an ineffective representation claim], all of [the] allegations must have been presented to the state courts, allowing them the 'opportunity to consider all the circumstances and cumulative effect of the claims as a whole.'") (citations omitted).  Thus, for a claim that trial counsel was ineffective, the petitioner must have presented to the state's highest court each example of ineffective assistance that he asserts in the federal habeas petition.  *See Caballero*, 42 F.3d at 740.

When a petitioner files a mixed petition, *i.e.*, a petition containing both exhausted and unexhausted claims, the district court is generally required to dismiss the petition.  *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 510, 522 (1982)).  Under some circumstances, however, the district court may stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all his claims.  A stay should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, and the petitioner may be time-barred if the case was dismissed.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also*

*Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court where dismissal of exhausted claims would result in claims being time-barred by the one-year limitations period for filing a federal petition). Before granting a stay, the district court must determine that "the unexhausted claims are not plainly meritless, [that] the petitioner has good cause for failing to exhaust, and [that] the petitioner did not engage in abusive or dilatory litigation tactics." *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (citing *Rhines*, 544 U.S. at 277-78).

**IV.   Discussion**

The respondent moves to dismiss the petition as a mixed petition, containing exhausted and unexhausted claims.

The respondent concedes that the claims of prosecutorial impropriety asserted in ground one of this petition are the same grounds raised on direct appeal.  The respondent also concedes that the claim in the fourth ground for relief, that trial counsel suppressed his right to testify at trial, was presented in the petitioner's state habeas petition and appealed to the Connecticut Appellate and Supreme Courts.  Thus, the petitioner has exhausted his state court remedies on his first and fourth grounds for relief.

In his second ground for relief, the petitioner asserts a general claim of ineffective assistance of counsel, describing the claim only as "trial attorney did not produce an adequate defense that would have allowed the jury to give thought to any other verdict except a guilty one."  ECF No. 1 at 6.  In his third ground for relief, the petitioner contends that trial counsel was ineffective for failing to challenge inconsistencies during the victim's cross-examination.

6

Although the petitioner included various claims of ineffective assistance of counsel in his state habeas petition, the only example he included in his appeal to the Connecticut Appellate Court was the claim that trial counsel suppressed his right to testify.  Also it is not clear that the claim in the second ground for relief was presented to any state court.  As the petitioner has not presented the ineffective assistance of counsel claims in the second and third grounds for relief to the state's highest court, he has not exhausted his state court remedies on these claims.

As the petitioner has not exhausted his state court remedies on all claims, this is a mixed petition which must be dismissed unless the petition would be time-barred if the case is dismissed, and the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition.  The petitioner has not responded to the motion to dismiss and, therefore, has not demonstrated good cause for failing to exhaust his state court remedies.

The petitioner has the ability to obtain state court review of the claims in the second and third grounds for relief.  The petitioner "may exhaust an ineffective assistance of trial counsel claim by filing a state habeas petition asserting a claim that habeas trial counsel or habeas appellate counsel was ineffective in neglecting to raise that ineffective assistance of trial counsel claim because the habeas judge must necessarily decide the merits of the ineffective assistance of trial counsel claim to determine whether habeas counsel or habeas appellate counsel was ineffective for failing to raise the claim in a prior petition." *Abrams v. Commissioner of Corr.*, No. 3:17cv1732(MPS), 2019 WL 919581, at *10 (D. Conn. Feb. 25, 2019).  As Connecticut does not limit the number of habeas corpus actions an inmate may file, the petitioner has an available avenue to exhaust his state court remedies on his unexhausted claims.

Nor is the petitioner time barred from returning to state court to complete exhausting his

claims and returning to federal court to assert all claims contained in his federal petition.  Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  *See* 28 U.S.C. § 2244(d)(1).  The one-year limitations period commences when the petitioner's conviction becomes final.  That date is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed, *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari).

The petitioner's direct appeal was concluded on February 11, 2014, ninety days after the Connecticut Supreme Court denied certification, during which time the petitioner could have filed a petition for certiorari at the United States Supreme Court.   He filed his first state habeas petition on December 27, 2013, before the limitations period commenced.  The state habeas action concluded, and the limitations period began to run on April 11, 2023.  The limitations period ends one year later, on April 11, 2024.  Thus, the petitioner has sufficient time to file a second state habeas petition, the filing of which will toll the limitations period, and return to federal court upon the conclusion of the state action.  The Court concludes that a stay is not required.

V.    <u>**Conclusion**</u>

The respondent's motion to dismiss the petition [**ECF No. 12**] is **GRANTED**.  The dismissal is without prejudice to the petitioner's filing another section 2254 action after he exhausts his state court remedies on all grounds asserted in this petition.

The Court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies on all grounds asserted in this petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The petitioner is informed that, if he wishes to proceed only on the grounds for which he has exhausted his state court remedies, he may file an amended petition containing only the exhausted claims.  If he does so, the petitioner is advised that federal review of the unexhausted claims may be foreclosed as it would constitute a second or successive petition.  *See* 28 U.S.C. § 2244(b)(2).  Should the plaintiff wish to proceed on the exhausted claims only, he shall file his amended petition, along with a motion to reopen, within twenty-one days from the date of this order.  The Clerk is directed to close this case.

**SO ORDERED** this 16th day of November 2023 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge
